Filed 7/29/26  Fahey v. Uber Technologies CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| JAMES FAHEY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant and Respondent. | A174210<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-23-609270) |

### MEMORANDUM OPINION[1]

Plaintiff, James Fahey, appearing in propria persona, appeals from an order denying his motion to vacate an arbitration award and confirming the award in favor of Uber Technologies, Inc. (Uber).  We affirm.

Plaintiff was a driver for Uber until he was deactivated from the Uber platform after a rider complained that he denied her a ride due to her service dog.  Following his deactivation, plaintiff filed an arbitration claim against Uber, alleging violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.; ADA), breach of the platform access agreement, and that Uber acted with " 'gross lack of concern' " for his safety and " 'gross negligence' " for his financial well-being.  On May 2, 2025, the arbitrator

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration section 8.1.

1

found plaintiff failed to establish a breach of contract and Uber's evidence established plaintiff breached the platform access agreement. The arbitrator also found plaintiff lacked standing to bring a claim under the ADA and had neither stated nor provided evidence to support a cognizable claim for damages. Uber filed a petition to confirm the arbitration award, and plaintiff filed a petition to vacate the arbitration award. On August 7, 2025, the trial court denied plaintiff's petition to vacate and confirmed the award.

We review the trial court's order confirming the arbitration award de novo. (*Greenspan v. LADT, LLC* (2010) 185 Cal.App.4th 1413, 1435.) In reviewing an arbitrator's decision, errors of fact or law are not generally reviewable, even when they cause substantial injustice. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6.) Courts may not review the merits of the controversy, the validity of the arbitrator's reasoning, or the sufficiency of the evidence supporting the award. (*Id.* at p. 11.) Judicial review of an arbitration award is limited to the grounds set forth in Code of Civil Procedure sections 1286.2 and 1286.6.[2] (*Moncharsh v. Heily & Blase*, at p. 33.)

Plaintiff's briefs fail to comply with the California Rules of Court regarding appellate briefs and citations to the record. (Cal. Rules of Court, rule 8.204(a).)[3] Each and every statement in a brief concerning matters that are in the appellate record must be supported by a citation to the record. (Rule 8.204(a)(1)(C).) Plaintiff provides inaccurate record citations or fails to provide citations altogether.[4] We may disregard factual statements

---

[2] All statutory references are to the Code of Civil Procedure.

[3] All rule references are to the California Rules of Court.

[4] Plaintiff's opening brief refers to the factual background of his dispute with Uber, including his work history, an incident resulting in a rider complaint, and Uber's investigation. He cites to portions of his declaration

unsupported by accurate record citations. (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970.)

Plaintiff argues that the arbitration award should be vacated under section 1286.2, subdivision (a)(5), which provides for vacatur "if the court determines" "[t]he rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." However, plaintiff does not provide a reasoned argument explaining how the arbitrator refused to hear material evidence. From what we can discern, plaintiff's argument is that the arbitrator's finding that he lacked standing to bring an ADA claim is a "status-based exclusion *Ames* forbids," which somehow warrants vacatur under section 1286.2, subdivision (a)(5). Plaintiff appears to claim that the United States Supreme Court decision *Ames v. Ohio Department of Youth Services* (2025) 605 U.S. 303 [221 L.Ed.2d 929] (*Ames*) applies to his ADA claim. However, plaintiff's opening brief fails to provide a complete citation to the *Ames* case. Further, plaintiff does not provide any reasoned analysis explaining how the case is relevant here.

A fundamental principle of judicial review is a trial court's judgment is presumed correct and it is the plaintiff's burden to demonstrate reversible error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The same rules apply to self-represented litigants. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) It is not the reviewing court's role to develop the appellant's

---

that do not reference these matters and to the cover page of a 130-page document titled "Exhibit K3." He also refers to the arbitrator's alleged failure to adjudicate his ADA retaliation claim, but he does not provide record citations to the arbitration award itself and the citations he does provide do not refer to such a claim.

argument.  (*ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.* (2016) 5 Cal.App.5th 69, 80.)

Plaintiff fails to affirmatively demonstrate reversible error. Throughout his briefs, plaintiff fails to properly cite the sole case on which he relies.  Nor does he provide reasoned argument demonstrating grounds to vacate under section 1286.2, subdivision (a)(5).  (*Cryoport Systems v. CNA Ins. Cos.* (2007) 149 Cal.App.4th 627, 633 ["Simply hinting at an argument and leaving it to the appellate court to develop it is not adequate"]; *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10 ["an appellant is required to not only cite to valid legal authority, but also explain how it applies in his case"].)  Plaintiff does not explain how *Ames*, a title VII discrimination case that does not address the question of standing, applies to the arbitrator's determination that he did not have standing to bring an ADA claim or warrants vacatur under section 1286.2, subdivision (a)(5).  (See *Ames, supra*, 605 U.S. at pp. 305, 313.)  Plaintiff provides no citations to the record indicating he alleged he had a disability. Further, plaintiff does not provide record citations demonstrating he presented an ADA retaliation claim in the arbitration proceeding.  Without reasoned argument, proper citations to the record and legal authority, and pertinent legal analysis, plaintiff fails to affirmatively demonstrate error and has not overcome the presumption of correctness afforded to the trial court's order.

4

## DISPOSITION

The order is affirmed.  Uber shall recover its costs on appeal.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A174210/*Fahey v. Uber Technologies, Inc.*

5